# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

| | | |
|---|---|---|
| In re: | § § | |
| ELLER, RYAN J | § § | Case No. 12-52872 |
| Debtor(s) | § § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of    $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]    $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/W. Donald Gieseke, Trustee_____
                                                   Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

INDUCIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 12-52872 | BTB | Judge: Bruce T. Beesley | Trustee Name: | W. Donald Gieseke, Trustee |
| Case Name: | ELLER, RYAN J | | | Date Filed (f) or Converted (c): | 12/26/12 (f) |
| | | | | 341(a) Meeting Date: | 01/31/13 |
| For Period Ending: | 04/08/14 | | | Claims Bar Date: | 02/21/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Estimated Net Value<br>(Value Determined by Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) Abandon | Sale/Funds<br>Received by<br>the Estate | Asset Fully Administered (FA)/<br>Gross Value of Remaining Assets |
| 1. CASH ON HAND | 5.00 | 0.00 | | 0.00 | FA |
| 2. COMERICA BANK CHECKING ACCT#...0260 | 0.00 | 0.00 | | 0.00 | FA |
| 3. WELLS FARGO CHECKING ACCT#...4124 | 201.12 | 0.00 | | 0.00 | FA |
| 4. RESIDENTIAL LEASE DEPOSIT | 1,200.00 | 0.00 | | 0.00 | FA |
| 5. HOUSEHOLD GOODS - FURNITURE, ELECTRONICS, KNICK-KN | 2,500.00 | 0.00 | | 0.00 | FA |
| 6. BOOKS, PICTURES & OTHER ART | 500.00 | 0.00 | | 0.00 | FA |
| 7. WEARING APPAREL | 500.00 | 0.00 | | 0.00 | FA |
| 8. JEWELRY | 100.00 | 0.00 | | 0.00 | FA |
| 9. .40 CAL HAND GUN | 200.00 | 0.00 | | 0.00 | FA |
| 10. 25% INTEREST IN ELLERPHUND CAPITAL II, LLC *NO VAL<br>    TRUSTEE  COLLECTED ON UNPAID MANAGEMENT FEES DUE<br>    TO THE LLC. | 0.00 | 2,500.00 | | 2,500.00 | FA |
| 11. 25% INTEREST IN ELLERPHUND CAPITAL III, LLC *NO VA<br>    TRUSTEE  COLLECTED ON UNPAID MANAGEMENT FEES DUE<br>    TO THE LLC. | 0.00 | 2,500.00 | | 2,500.00 | FA |
| 12. 25% INTEREST IN ELLERPHUND CAPITAL IV, LLC<br>    TRUSTEE  COLLECTED ON UNPAID MANAGEMENT FEES DUE<br>    TO THE LLC. | 0.00 | 2,500.00 | | 2,500.00 | FA |
| 13. 25% INTEREST IN ELLERPHUND CAPITAL, LLC *NO VALUE<br>    TRUSTEE  COLLECTED ON UNPAID MANAGEMENT FEES DUE<br>    TO THE LLC. | 0.00 | 2,500.00 | | 2,500.00 | FA |
| 14. 25% INTEREST IN SPROTELL, LLC *NO VALUE | 0.00 | 0.00 | | 0.00 | FA |
| 15. 33% INTEREST IN ELLERTOW, LP *NO VALUE | 0.00 | 0.00 | | 0.00 | FA |
| 16. 33% INTEREST IN ENCORE BENEFITS, LLC *NO VALUE | 0.00 | 0.00 | | 0.00 | FA |
| 17. 42.5% INTEREST IN FLY PAPER, INC *NO VALUE | 0.00 | 0.00 | | 0.00 | FA |
| 18. MELLOW FELLOW RESTAURANT & BAR *BEER & WINE | 0.00 | 0.00 | | 0.00 | FA |

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 2
Exhibit A

| Case No: | 12-52872 | BTB | Judge: Bruce T. Beesley |
|---|---|---|---|
| Case Name: | ELLER, RYAN J | | |

| Trustee Name: | W. Donald Gieseke, Trustee |
|---|---|
| Date Filed (f) or Converted (c): | 12/26/12 (f) |
| 341(a) Meeting Date: | 01/31/13 |
| Claims Bar Date: | 02/21/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| LICENS | | | | | |
| 19. PROMISSORY NOTE GIVEN TO DEBTOR FROM WE SAVE, INC | 0.00 | 0.00 | | 0.00 | FA |
| 20. 2010 IRS TAX REFUND DUE IN THE AMOUNT OF $9,000.00 DEBTOR OWES $14.1K IN 2010 TAXES. | 0.00 | 0.00 | | 0.00 | FA |
| 21. LAWSUIT HAS BEEN FILED BY ELLERTOW, LP AGAINST BUY | 0.00 | 0.00 | | 0.00 | FA |
| 22. 2012 JEEP GRAND CHEROKEE WITH 10,200 MILES *GOOD C | 38,771.00 | 0.00 | | 0.00 | FA |
| 23. PETS: 1 BEAGLE 2 MIXED-BREED DOGS | 75.00 | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $44,052.12 | $10,000.00 | | $10,000.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

2-1-13 - TRUSTEE HAS REQUESTED A COPY OF THE DEBTORS 2012 TAX RETURN TO DETERMINE IF ANY NON EXEMPTED 2012 TAX REFUND IS DUE TO THE ESTATE.

3-14-13 - TRUSTEE IS INVESTIGATING ALL FINANCIALS FOR ALL COMPANIES TO DETERMINE IF ANY NON EXEMPTED ASSETS ARE DUE TO THE ESTATE.

3-14-13 - TRUSTEE HAS REQUESTED EXECUTED OPERATING AGREEMENTS FOR ALL LLC'S OF THE DEBTOR.

3-30-13 THRU 10-25-13 - TRUSTEE IS IN THE PROCESS OF NEGOTIATING A OWNERSHIP/MANAGEMENT FEE FOR ASSETS NUMBERED 10, 11, 12 & 13 - COMPROMISE IS CURRENTLY BEING WRITTEN AND COMPROMISE MOTION WILL BE SUBMITTED TO THE COURT FOR APPROVAL.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 3
Exhibit A

| | | |
|---|---|---|
| Case No: | 12-52872    BTB    Judge: Bruce T. Beesley | Trustee Name:    W. Donald Gieseke, Trustee |
| Case Name: | ELLER, RYAN J | Date Filed (f) or Converted (c):    12/26/12 (f) |
| | | 341(a) Meeting Date:    01/31/13 |
| | | Claims Bar Date:    02/21/14 |

1-9-14 - TRUSTEE COLLECTED ON UNPAID MANAGEMENT FEES DUE TO THE LLC. REFER TO ASSETS #10, 11, 12 AND #13.

Initial Projected Date of Final Report (TFR):  / /     Current Projected Date of Final Report (TFR):  / /

FORM 2

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: | 12-52872 -BTB |
| Case Name: | ELLER, RYAN J |
| Taxpayer ID No: | *******9474 |
| For Period Ending: | 04/08/14 |

| | |
|---|---|
| Trustee Name: | W. Donald Gieseke, Trustee |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******7365 Checking Account (Non-Interest Earn |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/09/14 | * NOTE * | KASEY SHILDMYER PO BOX 4149 INCLINE VILLAGE, NV 89450 | ELLERFUND LLC MGMT FEES OWED * NOTE * Properties 10, 11, 12, 13 | 1121-000 | 10,000.00 | | 10,000.00 |
| 02/25/14 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 15.00 | 9,985.00 |
| 03/25/14 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 15.00 | 9,970.00 |

|  |  |  |  |
|---|---|---|---|
| COLUMN TOTALS | | 10,000.00 | 30.00 | 9,970.00 |
| Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| Subtotal | | 10,000.00 | 30.00 | |
| Less: Payments to Debtors | | | 0.00 | |
| Net | | 10,000.00 | 30.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account (Non-Interest Earn - ********7365 | 10,000.00 | 30.00 | 9,970.00 |
| | ---------------------- | ---------------------- | ---------------------- |
| | 10,000.00 | 30.00 | 9,970.00 |
| | ============= | ============= | ============= |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals    10,000.00    30.00

| | | EXHIBIT C | | | | |
|---|---|---|---|---|---|---|
| Page 1 | | ANALYSIS OF CLAIMS REGISTER | | | | Date: April 08, 2014 |

Case Number: 12-52872  
Debtor Name: ELLER, RYAN J

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---:|---:|---:|
| 000006A 040 5800-00 | Internal Revenue Service<br>P.O. BOX 7317<br>Philadelphia, PA 19101-7317 | Priority | | $230,449.26 | $0.00 | $230,449.26 |
| 000001 070 7100-00 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk, VA 23541 | Unsecured | | $992.26 | $0.00 | $992.26 |
| 000002 070 7100-00 | AMERICAN EXPRESS CENTURION BANK<br>C/O BECKET AND LEE LLP<br>POB 3001<br>MALVERN PA 19355-0701 | Unsecured | | $2,118.49 | $0.00 | $2,118.49 |
| 000003 070 7100-00 | Compass Bank<br>P.O. Box 10566<br>Birmingham AL 35296 | Unsecured | | $9,982.03 | $0.00 | $9,982.03 |
| 000004 070 7100-00 | CAPITAL ONE, N.A.<br>BASS & ASSOCIATES, P.C.<br>3936 E. FT. LOWELL ROAD, SUITE #200<br>TUCSON, AZ 85712 | Unsecured | | $1,151.29 | $0.00 | $1,151.29 |
| 000005 070 7100-00 | TCF Equipment Finance Inc<br>11100 Wayzata Blvd #801<br>Minnetonka, MN 55305 | Unsecured | | $66,539.25 | $0.00 | $66,539.25 |
| 000007 070 7100-00 | Mike Harrison<br>4847 W Northwest Hwy<br>Dallas, TX 75220 | Unsecured | | $116,045.69 | $0.00 | $116,045.69 |
| 000008 070 7100-00 | TD Retail Card Services<br>c/o Creditors Bankruptcy Service<br>P.O. Box 740933<br>Dallas, TX 75374 | Unsecured | | $6,630.51 | $0.00 | $6,630.51 |
| | Case Totals: | | | $433,908.78 | $0.00 | $433,908.78 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

# TRUSTEE'S PROPOSED DISTRIBUTION

        Exhibit D

Case No.: 12-52872  
Case Name: ELLER, RYAN J  
Trustee Name: W. Donald Gieseke, Trustee

    Balance on hand      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: W. Donald Gieseke, Trustee | $ | $ | $ |
| Trustee Expenses: W. Donald Gieseke, Trustee | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____

    Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000006A | Internal Revenue Service | $ | $ | $ |

Total to be paid to priority creditors $_____

Remaining Balance $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Portfolio Recovery Associates, LLC | $ | $ | $ |
| 000002 | AMERICAN EXPRESS CENTURION BANK | $ | $ | $ |
| 000003 | Compass Bank | $ | $ | $ |
| 000004 | CAPITAL ONE, N.A. | $ | $ | $ |
| 000005 | TCF Equipment Finance Inc | $ | $ | $ |
| 000007 | Mike Harrison | $ | $ | $ |
| 000008 | TD Retail Card Services | $ | $ | $ |

Total to be paid to timely general unsecured creditors $_____

Remaining Balance $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

       Tardily filed general (unsecured) claims are as follows:

NONE

       Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

       Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE